GARDEN, JUDGE:
These two claims were submitted for decision on the pleadings and exhibits attached thereto. They have been consolidated for decision purposes because of the similarity of facts and the identical issue of law.
Claimant Cynthia Donahue was employed by the respondent at West Virginia University as a Clerk II at a salary of $562.00 per month. On November 1, 1979, she was promoted to the position of Chief Accounting Clerk at a salary of $736.00 per month, and she immediately assumed her new duties. Her supervisor was discharged shortly thereafter, and the paperwork to effect her promotion was delayed. As a result, the claimant did not receive a paycheck commensurate with her promotion until January 1,1980. Claimant seeks an award of $348.00, representing the difference in salary between the two positions for the two-month period.
Claimant Patsy Spatafore was likewise employed by the respondent at West Virginia University as an Accounting Clerk II at a salary of $874.00 per month. On November 1, 1979, she was promoted to the position of Business Manager at a salary of $1,371.00 per month. Again, the necessary paperwork was not processed in a timely fashion, and the claimant did not receive a paycheck representing her salary increase until January 1, 1980. The claimant therefore seeks an award of $994.00, representing the difference in salary between the two positions for the two-month period.
*400 Dr. Gene A. Budig, President of West Virginia University, directed a letter, dated February 12,1980, to the Attorney General’s office confirming the facts set out above. The respondent, in its Answers, likewise admitted the facts as stated. However, the respondent also filed, as an exhibit, a copy of an Attorney General’s advisory opinion letter dated December 2, 1977, directed to the Chairman, Joint Committee on Government and Finance, indicating that retroactive pay increases are illegal after the services have been rendered. The letter cited as authority Article VI, Section 38 of the Constitution of West Virginia, and Code 6-7-7.
Initially, we would point out that we do not consider this Court to be bound by advisory opinions of the Attorney General. More importantly, we do not feel that making awards in these claims would constitute an illegal retroactive pay increase. These promotions, with their attendant salary increases, became effective on November 1, 1979, and on that date the claimants entered into their new positions, which no doubt carried with them increased responsibilities. We believe that the intent of the constitutional and statutory provisions was to prevent the giving of merit salary increases which are retroactive for any given period of time, and, possibly, to prevent “lame duck” retroactive salary increases.
These claimants performed and carried out the duties of their new positions for the two-month period in question. To deny them awards would be inequitable and would constitute unjust enrichment to the State. Awards are therefore made to the claimants in the amounts requested.
Award of $348.00 to the claimant, Cynthia Donahue.
Award of $994.00 to the claimant, Patsy Spatafore.